CLARK *v.* WILSON.

(*Circuit Court, S. D. New York.* February 28, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—NOISELESS METALLIC SHUTTERS.
   The first claim of patent No. 137,595, granted to Alexander Clark on April 8, 1873, for an improvement in corrugated metallic shutters, whereby the noise in raising or lowering such shutters is deadened or prevented by the application of a soft or pliant material, such as leather, webbing, etc., to the shutters, in the width, so as to coil up therewith, and form a cushion between the several coils, is infringed by the shutters constructed under the patent granted April 3, 1884, to James G. Wilson, for an improvement in corrugated shutters, in which pieces of leather are placed upon the shutters in longitudinal lines, as in the Clark invention, to deaden the sound, and fastened by rivets, which protect the edges of the shutters, and the stems of which run through the shutters, and through the leather strips, which are made to fit in the hollow part of the corrugations.

*Andrew J. Todd,* for complainant.

*Francis Forbes,* for defendant.

COXE, J. On the eighth of April, 1873, letters patent No. 137,595 were granted to the complainant for an improvement in corrugated metallic shutters. The invention consists in applying a soft or pliant material, such as leather, webbing, etc., to the shutters, in the width, so as to coil up therewith and form a cushion between the several coils; the object being to deaden or prevent noise in raising or lowering the shutters. The first claim, which alone is in controversy, is in these words:

"(1) The application, to corrugated metal revolving shutters, of one or more strips or lengths of soft and pliant material, disposed in such manner as to act as a cushion between the coils of the shutter, substantially as and for the purpose described."

In July last this court, upon a motion for a preliminary injunction, decided that the patent in suit covers the same invention as that described in an English patent granted to the complainant, May 2, 1872; and that, pursuant to the provisions of section 4887 of the Revised Statutes, it expired at the same time with the English patent, to-wit, May 2, 1886. A decree for an injunction is therefore out of the question.

The references introduced by the defendant neither anticipate the patent, nor invalidate it for lack of novelty and invention. Furthermore, they do not operate to limit, in any marked degree, the claim in question, which should be liberally construed in view of the fact that the complainant was the first to enter this particular field of invention.

The question of infringement alone remains to be considered. The defendant, who, prior to 1876, was in the employ of the complainant, obtained a patent dated April 3, 1884, for an improvement in corrugated metal rolling shutters. The object of the defendant, as stated in the specification, is twofold: *First,* to strengthen and protect those parts of the shutter which are most liable to wear; and, *second,* to deaden the noise which is usually caused by operating the same. The complainant insists that shutters constructed after the formula of this patent infringe the claim in question. The defendant uses a rivet with a large head or shield designed to strengthen and protect the edge of the shutter. The stem of the rivet runs through the shutter, and through a thick piece of leather made to fit in the hollow part of the corrugation, the other head being riveted against a metal washer on the top of the leather. These pieces of leather are placed upon the shutter in longitudinal lines, as in complainant's structure. The leather acts as a cushion between the coils, and unquestionably has a tendency to deaden the noise when the shutter is revolving. That it is "noiseless" is one of the merits claimed for it by the defendant.

It is true that the infringing cushions are not in strips or lengths; they are not continuous; but, nevertheless, they perform the same functions in substantially the same way. The similarity between the two structures can, perhaps, be best illustrated by placing them in juxtaposition. Figs. 1, 2, and 3 represent edge views of the manner in which the noise-dead-

ening material has been applied by the patentee.  Figs. 4 and 5 represent the defendant's device.

FIG. 1.

FIG. 2.

FIG. 3.

FIG. 4.

FIG. 5.

The conclusion cannot be resisted that the defendant has seized upon the idea suggested by the complainant, and seeks to avoid the charge of infringement by an ingenious arrangement, which, though differing in appearance, retains, substantially, all of the advantages and performs all of the functions of the patented structure.  Under the broad construction to which the claim is entitled, he should not be permitted to do this.  If the leather is cut away from the crown of the corrugations as shown in Fig. 2, the result will be almost the exact counterpart of the defendant's device.  He does not use as much of the noise-deadening material as the complainant, and he does not apply it in precisely the same manner, but he accomplishes the same result, and by equivalent means.

It follows that, as to the first claim, the complainant is entitled to a decree for an accounting to the date of the expiration of the patent, as aforesaid, with costs.